WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.: (808) 528-8880
Facsimile No.:  (808) 528-8881
e-mail:  aikeda@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
OPERATING ENGINEERS' TRUST FUNDS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS** (**Pension Trust Fund** by its Trustees, James E. Murray, Kevin J. Albanese, Patty Dutra Bruce, F.G. Crosthwaite, Bryan K. Flake, Thomas Holsman, Lance Inouye, Tom Squeri, David R. Stanton, Garret Updike, Frank Williams, Dan Reding, Brandon Dew, Justin Diston, David Harrison, Steve Ingersoll, Jim Jacobs, Charles Lavery, Bruce Noel, John Rector and Nate Tucker; **Pensioned Health and Welfare Trust Fund** by its Trustees, James E. Murray, Kevin J. Albanese, Patty Dutra Bruce, F.G. Crosthwaite, Thomas Holsman, Lance Inouye, Tom Squeri, David R. Stanton, Garrett Updike, Frank Williams, | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBIT "1"; SUMMONS** |

Dan Reding, Brandon Dew,                    )
Justin Diston, David Harrison,              )
Steve Ingersoll, Jim Jacobs,                )
Charles Lavery, Bruce Noel,                 )
John Rector, and Nate Tucker;               )
**Hawaii Health and Welfare**               )
**Trust Fund for Operating**                )
**Engineers by its Trustees**,              )
Lance Inouye, Rodney Nohara,                )
Kathleen Thurston, Corey                    )
Yamashita, Dan Reding, Steve                )
Ingersoll, Analesea Tuiasosopo              )
and Justin Diston; **Hawaii**               )
**Operating Engineers Annuity**             )
**Trust Fund by its Trustees**,             )
Lance Wilhelm, Kathleen                     )
Thurston, Corey Yamashita,                  )
Marnie Koga Hursty, Dan                     )
Reding, Steve Ingersoll, Analesea           )
Tuiasosopo and Justin Diston;               )
**Operating  Engineers and**               )
**Participating Employers Pre**             )
**Apprentice, Apprentice and**              )
**Journeyman Affirmative**                  )
**Action Training Fund for**                )
**Hawaii** by its Trustees, Leonard         )
Leong, Gary Iwamoto, Richard                )
Heltzel, Ryder Coelho, Russell              )
Inouye, Dan Reding, Steve                   )
Ingersoll, Analesea Tuiasosopo              )
and Justin Diston; William Greig            )
and Justin Diston; **Hawaii**              )
**Operating Engineers Industry**            )
**Stabilization Trust Fund by its**         )
**Trustees**, Lance Wilhelm, Ken            )
Kawamoto, Joyce Furukawa,                   )
Kyle Nakamura, Dan Reding,                  )
Steve Ingersoll, Analesea                   )
Tuiasosopo, and Justin Diston;              )
**Operating Engineers Local**               )

**Union No. 3 Vacation, Holiday** )
**and Sick Pay Trust Fund, by** )
**its Trustees,** James E. Murray, )
Lance Inouye, Tom Squeri, )
Garrett Updike, Dan Reding, )
Justin Diston, David Harrison, )
Steve Ingersoll and Nate Tucker; )
                          )
            Plaintiffs, )
                          )
    vs. )
                           )
PACIFIC CRANE SERVICE )
HAWAII LLC, a Hawaii Limited )
Liability Company, )
                          )
           Defendant. )
_____ )

### COMPLAINT FOR SPECIFIC PERFORMANCE, <u>ASSUMPSIT AND DAMAGES</u>

Come now Plaintiffs above-named by their attorneys,

Weinberg, Roger & Rosenfeld, and for Complaint against Defendant

above-named alleges and avers as follows:

### FIRST CAUSE OF ACTION <u>(SPECIFIC PERFORMANCE)</u>

1.    Plaintiffs are the Trustees of the Operating Engineers'

Trust Funds, which include the Pension Trust Fund, Pensioned

Health and Welfare Trust Fund, Hawaii Health and Welfare Trust

Fund for Operating Engineers, Hawaii Operating Engineers Annuity

Trust Fund, Operating  Engineers and Participating Employers Pre
Apprentice, Apprentice and Journeyman Affirmative Action Training
Fund for Hawaii, Hawaii Operating Engineers Industry Stabilization
Trust Fund, Operating Engineers Local Union No. 3 Vacation,
Holiday and Sick Pay Trust Fund (hereinafter referred to as "Trust
Funds").

2.      This action arises under the Labor-Management
Relations Act, 1947, as amended, the Employee Retirement Income
Security Act of 1974, and the Multiemployer Pension Plan
Amendments Act of 1980, as hereinafter more fully appears.
Jurisdiction is founded on questions arising thereunder and more
specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3.      At all times material herein, each of the above-named
Trust Funds (collectively "Plaintiffs") was, and now is, an employee
benefit plan organized and existing under the laws of the United
States and whose principal offices are in the City and County of
Honolulu, State of Hawaii.  At all times herein mentioned, each of
the above-named Trust Funds was, and now is, an express trust
created by a written trust agreement subject to and pursuant to
Section 302 of the Labor-Management Relations Act (29 U.S.C. §

4

186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.    Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant PACIFIC CRANE SERVICE HAWAII LLC (hereinafter "Defendant" or "Defendant PACIFIC CRANE"), was, and is now, a Hawaii Limited Liability Company, doing business in the State of Hawaii.

5.    On or about July 1, 2016, Defendant, by and through its Member, Kylie Hew-Len, made, executed and delivered to the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (hereinafter "Union"), that certain written collective bargaining agreement, entitled "EXHIBIT "G" CERTIFICATION OF RECEIPT AND ACCEPTANCE MASTER AGREEMENT COVERING OPERATING ENGINEERS IN THE STATE OF HAWAII" (hereinafter "Agreement") covering Defendant's covered employees in the State of Hawaii.  A true copy of said Agreement is attached hereto as Exhibit "1," and is incorporated herein by reference.  Said Agreement by its terms incorporated the various Trust Agreements establishing each of Plaintiffs' trusts.  By said

agreement(s), Defendant promised to contribute and pay to the Trust Funds (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after July 1, 2016.

6.    By said agreement(s), Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after July 1, 2016 to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

7.    By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty

percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

8.    By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

9.    By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

10.   By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the

Defendant is making full payment as required under said agreement(s).

11.    Plaintiffs have notified Defendant and have demanded that said Defendant submit timely payments and reports (March 2022, and August 2022 through December 2022 reports currently outstanding), but said Defendant has failed, neglected and/or refused to do so.

12.    Defendant now continues to fail, neglect and/or refuse to submit timely payments and reports, and unless ordered to specifically perform the agreement(s) to submit timely payments and reports, Defendant will continue to fail, neglect and/or refuse to submit timely payments and reports.  Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal, neglect and/or failure to submit timely payments and reports will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely payments and reports pursuant to said agreement(s).

8

## SECOND CAUSE OF ACTION
## <u>(ASSUMPSIT AND DAMAGES)</u>

13.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 12. of the First Cause of Action hereinabove set forth.

14.   By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee.  Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

15.   Defendant's current known delinquencies to the Plaintiffs are as follows:

| | |
|---|---|
| 1. Contributions (July 2022 report): | $  8,622.78 |
| 2. Liquidated Damages (July 2022 report): | $  1,688.48 |
| 3. Interest, through January 25, 2023 ($2.83 per diem): | <u>$    440.00</u> |
| Total: | $10,751.56 |

plus attorneys' fees and costs, for said report periods, plus additional interest accruing from January 25, 2023 at $2.83 per diem.

16.    Defendant may owe Plaintiffs additional monetary payments for Defendant's covered employees, the amount of which is unknown at this time.  If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

17.    Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

18.    At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

19.   By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

20.   By virtue of the foregoing, Plaintiffs have been damaged in the amount of $10,751.56, plus interest on the $8,622.78 in contributions at $2.83 per diem from January 25, 2023, and such additional amounts as may be proven at trial of hearing on proof.

21.   It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant PACIFIC CRANE SERVICE HAWAII LLC, a Hawaii Limited Liability Company, ("Defendant"), as to the First and Second Causes of Action hereinabove set forth, as follows:

1.   That the Court orders Defendant to submit timely reports, including, but not limited to its March 2022, and August

11

2022 through December 2022 reports currently outstanding, and payments in accordance with said agreement(s).

2.    That the Court orders Defendant to permit Plaintiffs to audit its payroll books and records in accordance with said agreement(s).

3.    That the Court awards to Plaintiffs and against Defendant such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4.    That the Court awards to Plaintiffs and against Defendant interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

5.     That the Court orders and compels Defendant to furnish to each of the seven (7) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

6.     That the Court awards the Plaintiffs and against the Defendant the sum of $8,622.78 in known contributions per the July 2022 report, plus interest on said contributions at the rate prescribed under the agreement(s) of twelve percent (12%) in the minimum amount of $440.00 through January 25, 2023, and at $2.83 per diem thereafter.

7.     That the Court awards the Plaintiffs and against the Defendant liquidated damages for the July 2022 report, as provided in said agreement(s) of $1,688.48, or an amount equal to interest (computed at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

8.    For judgment in favor of Plaintiffs against Defendant in the total amount of $10,751.56, plus interest at $2.83 from January 25, 2023, until entry of judgment.

9.    That the Court awards the Plaintiffs and against the Defendant such additional amounts, including, but not limited to, liquidated damages, interest (12%) on any additional report or audit contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

10.    That the Court awards the Plaintiffs and against the Defendant all collection costs, costs of court and reasonable attorneys' fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

11.    That the Court orders and awards any further and additional relief as the Court deems proper.

DATED:  Honolulu, Hawaii, ___February 21___, 2023.

**WEINBERG, ROGER & ROSENFELD**

*/S/ ASHLEY K. IKEDA*

ASHLEY K. IKEDA
Attorney for Plaintiffs
TRUSTEES OF THE
OPERATING ENGINEERS' TRUST
FUNDS

14