IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS, ET AL.,<br><br>             Plaintiffs,<br><br>     vs.<br><br>PACIFIC CRANE SERVICE HAWAII LLC, A HAWAII LIMITED LIABILITY COMPANY,<br><br>             Defendant. | CIV. NO. 23-00098 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PACIFIC CRANE SERVICE HAWAII LLC |

**FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST
<u>DEFENDANT PACIFIC CRANE SERVICE HAWAII LLC</u>**

*Plaintiffs' Motion for Default Judgment Against Defendant Pacific Crane Service Hawaii LLC* ("Motion for Default Judgment" or "Motion") (ECF No. 23), filed on November 28, 2023, came on for a telephonic hearing on February 1, 2024 before the Honorable Rom A. Trader.  ECF No. 27.  Attorney Noah Kila Peterson appeared on behalf of Plaintiffs.  Defendant Pacific Crane Service Hawaii LLC ("Defendant") failed to appear or file a response to the *Motion*.

The Court, after careful consideration of the *Motion*, records in this case and applicable law, **FINDS** and **RECOMMENDS** that the *Motion* be **GRANTED**.

## BACKGROUND

On February 21, 2023, Plaintiffs filed a *Complaint for Specific Performance, Assumpsit and Damages* ("Complaint"). ECF No. 1. Plaintiffs seek to recover, *inter alia*, unpaid trust fund contributions, liquidated damages, interest and attorneys' fees and costs. *Id*. at PageID.8. Plaintiffs argue that Defendant is contractually obligated to pay the damages sought pursuant to the *Master Agreement Covering Operating Engineers in the State of Hawaii*" ("Agreement"). *Id*. at 5.

On June 8, 2023, Plaintiffs filed an *Ex Parte Motion for Order Directing Issuance of Summons by Publication as to [Defendant]* ("Order Directing Service by Publication"). ECF No. 13-1. Plaintiffs hired a process server to serve the *Complaint* and summons on the Defendant; however, the process server was unable to locate or personally serve the Defendant. ECF No. 13-1 at PageID.57-58. The process server noted that it appears that Defendant's agent was evading the process server's attempts to serve the Defendant. *Id*. at 57. On June 9, 2023, the Court issued its *Order Directing Issuance of Summons by Publication*. ECF No. 14. The Clerk of Court issued a summons for service by publication, which was published for four consecutive weeks in the Honolulu Star-Advertiser, a newspaper published in Hawaii and having general circulation in this district, on June 23, 2023, June 30, 2023, July 7, 2023 and July 14, 2023. ECF No. 16.

Defendant did not appear at the telephonic service by publication return date on August 10, 2023. ECF No. 17. On August 16, 2023, Plaintiffs requested an entry of default (ECF No. 18), which the clerk entered on August 17, 2023 (ECF No. 20). On November 28, 2023, Plaintiffs filed the instant *Motion for Default Judgment*. Defendant failed to file any opposition or defend against the default judgment.

## DISCUSSION

Under Federal Rules of Civil Procedure (Fed. R. Civ. P.) 55(b)(2), the Court may enter default judgment after the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). The district court has the discretion to grant or deny an application for default judgment. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986). Before determining whether default judgment in this case is appropriate, the Court must first determine whether it has jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place").

### I. Jurisdiction

This action was brought under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980. ECF No. 1 at PageID.4.

Federal question jurisdiction exists in this action under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f). *Id*. The *Complaint* alleges that Defendant is a Hawaii Limited Liability Company doing business in the State of Hawaii. *Id*. at 5. This Court thus has personal jurisdiction over the Defendant.

## II. Eitel Factors

Default may be entered in favor of the plaintiff if the defendant has defaulted by failing to appear, and the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1)-(2). However, "[an] [e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering a motion for default judgment, courts must evaluate this action under the following six factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72 (citation omitted). On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."

4

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). The Court shall evaluate each factor in turn.

### A. Possibility of Prejudice

Under the possibility of prejudice, the Court considers whether Plaintiffs would suffer any prejudice if default judgment were not entered against the Defendant. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002). In this case, the prejudice against Plaintiffs is high. Defendant failed to answer the *Complaint*, appear at scheduled hearings and defend in this case. The possibility of a decision on the merits is impracticable given the Defendant's lack of response. Plaintiffs would be left without any recourse for recovery if default judgment is not entered. The Court thus finds that this factor weighs in favor of default judgment.

### B. Merits of the Claim

This factor requires that Plaintiffs state a claim on which Plaintiffs may recover damages. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiffs brought this action against Defendant for unpaid contributions. On or around July 1, 2016, Defendant entered into a written *Agreement*. ECF No. 23-1 at PageID.109. Under the *Agreement*, Defendant was obligated to submit timely reports and payments for contributions, but failed to do so. Defendant promised to

pay Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Defendant's employed workers covered by the *Agreement*, and these employees completed work for the Defendant when the *Agreement* was in effect. Plaintiffs now seek to recover unpaid contributions, liquidated damages, interest and its attorneys' fees. The Court finds that Plaintiffs sufficiently alleged facts supporting its request for damages. The Court thus finds that this factor favors default judgment.

### C. Sufficiency of the Complaint

This Court found that the allegations in the *Complaint* are sufficiently pled. Accordingly, this factor also weighs in favor of default judgment.

### D. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176 (citing *Eitel*, 782 F.2d at 1472). In this case, the damages are proportionate to the seriousness of Defendant's conduct. Plaintiffs seek a total of $8,622.78 for unpaid contributions, $1,688.48 in liquidated damages, $1,211.38 in interest and $25,855.85 in attorneys' fees and costs for a total of $37,378.49. ECF No. 23-1 at PageID.116-118. Plaintiffs' damages request is tailored to Defendant's wrongful conduct of failing to abide by the terms of the *Agreement* and appears to be a sum

certain or for a sum which can by computation be made certain. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### E. Likelihood of a Dispute Concerning Material Facts

Defendant was given notice and had sufficient time to respond to the *Complaint* and deny any allegations. Defendant chose simply not to respond, failed to appear and elected not to defend. This factor thus weighs in favor of default judgment.

### F. Excusable Neglect

Defendant was served the summons by publication and did not appear at the telephonic service by publication return date on August 10, 2023. ECF No. 17. Plaintiffs also served Defendant with notice of this *Motion* on December 6, 2023. ECF No. 26. Despite receiving notice of this lawsuit, the hearing on the *Motion* and the threat of default judgment, Defendant has not defended in this matter to date. Nothing in the record suggests that Defendant's default was the result of excusable neglect. Instead, it appears Defendant's default was due to its conscious and willful decision not to defend this action. Thus, the Court finds that this factor weighs in favor of default judgment.

### G. Policy Favoring Decisions on the Merits

There is a strong policy in favor of decisions based on the merits; however, this factor alone is not enough to outweigh the other six (6) *Eitel v. McCool* factors that weigh in favor of granting default judgment.

### H. Totality of the Eitel Factors

Based on the evaluation of the facts of this case, the Court **FINDS** that six (6) out of seven (7) factors weigh in favor of default judgment. Accordingly, the Court recommends that the district judge **GRANT** the *Motion*.

## III. Damages

Plaintiffs seek damages in the amount of $8,622.78 for unpaid contributions, $1,688.48 in liquidated damages, $1,211.38 in interest and $25,855.85 in attorneys' fees and costs for a total of $37,378.49. ECF No. 23-1 at PageID.116-118. Plaintiffs submitted a declaration explaining how these amounts were calculated. ECF No. 23-3; *see also*, ECF No. 23-1 at PageID.113-115. The Court finds that based upon the information in the declarations submitted with the *Motion* and the Court's analysis of attorneys' fees and costs, Plaintiffs have established that they are entitled to the amounts alleged.

## IV. Specific Performance

Plaintiffs seek a court order directing Defendant to:

1) "submit all outstanding and/or delinquent reports including, but not limited to its March 2022, and August 2022 through September 2023 reports currently outstanding, and payments in accordance with [the] Agreement" and

2) "permit Plaintiffs to audit its payroll books and records in accordance with the Agreement[.]"

ECF No. 23-1 at PageID.117-118.  Because Plaintiff is entitled to such specific performance under the *Agreement*, the Court finds that these requests should be granted.

## V. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g). This Court found that Plaintiffs should be awarded default judgment against the Defendant.  As such, Plaintiffs are the prevailing parties and as such, should be awarded their reasonable attorneys' fees and costs.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  The lodestar amount may also be adjusted based on an evaluation of the factors in *Kerr*, which have not been

subsumed in the lodestar calculation. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). There is a strong presumption that the lodestar amount calculated is reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S.546, 565 (1986); *Fischer*, 214 F.3d at 1119 n.4.

### A. Reasonable Hourly Rate

Plaintiffs seek an hourly rate of $275.00 for work performed by their attorneys Ashley K. Ikeda and Craig L. Schechter. ECF No. 23-2. Mr. Ikeda has been practicing law since 1981 and represents various Taft-Hartley Act/ERISA employee benefit trust funds. ECF No. 23-2 at PageID.120-121. Mr. Schechter has been an attorney since 2008 and has been practicing ERISA compliance and collections litigation for multiemployer benefit trust fund clients since 2017. *Id.* at 121.

The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024-25 (9th Cir. 2019); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). "[T]he relevant community is the forum in which the district court sits."

10

*Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted).  In this case, the relevant community is the District of Hawaii.

"District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'"  *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).  Based on this Court's knowledge of the prevailing rates in the legal community for work in similar cases, this Court finds that the hourly rates requested for work performed by Messrs. Mr. Ikeda and Schechter to be reasonable.  *See Trustees of Operating Engineers' Tr. Funds v. Pro. Contracting & Demolition, LLC*, Civ. No. 21-00234 JMS-WRP, 2021 WL 5513536, at *1 (D. Haw. Nov. 4, 2021), *report and recommendation adopted sub nom. Trustees of Operating Engineers' Tr. Funds v. Pro. Contracting & Demolition, LLC*, Civ. No. 21-00234 JMS-WRP, 2021 WL 5510216 (D. Haw. Nov. 24, 2021).

### B.  Hours Reasonably Expended

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."  *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "In determining the appropriate lodestar amount, the district court may exclude from

11

the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch*, 480 F.3d at 946 (citing *Hensley*, 461 U.S. at 434). The Court has reviewed the timekeeping submitted by Plaintiffs in support of the attorneys' fees requested and finds that the 65.6 hours expended are reasonable. *See* ECF No. 23-5.

### C. Total Lodestar Amount

The Court finds that the total lodestar amount for attorneys' fees is $18,040.00 ($275.00 x 65.6 = $18,040.00). ECF No. 23-5 at PageID.145. The General Excise Tax ("GET") on the amount of fees is $850.04 ($18,040.00 x 4.712% = $850.04). The total amount of attorneys' fees and GET is $18,890.04 ($18,040.00 + $850.04 = $18,890.04).

### D. Costs

In addition to attorneys' fees, Plaintiffs request $6,963.81 in costs. ECF No. 23-6. The Court has reviewed the records submitted by Plaintiffs and finds that the costs requested are reasonable. *See id*. The Court notes that the cost of service by publication ($6,223.06) caused the total amount of costs to be the higher than the usual amounts requested in similar cases. *See* ECF No. 23-6 at PageID.148. The GET on the copying costs is $1.99 ($42.25 x 4.712% = $1.99). The total amount of costs and GET is $6,965.80.

The total amount of reasonable attorneys' fees and costs that should be awarded is $25,855.84.[1]

### E. Surety Bond or Cash-in-Escrow

The Court finds that Plaintiffs are entitled to a surety bond or cash-in-escrow as set forth in the *Agreement*.  ECF No. 23-1 at PageID.110.

### CONCLUSION

Based upon the foregoing, the Court **FINDS** and **RECOMMENDS** that the *Motion for Default Judgment* be **GRANTED** as follows:

1. Plaintiffs' request for default judgment be **GRANTED**;

2. Plaintiffs be awarded total damages in the amount of $8,622.78 for unpaid contributions, $1,688.48 in liquidated damages, $1,211.38 in interest and $25,855.84 in attorneys' fees and costs for a total of $37,378.48.

3. Defendant be ordered to:

    a. submit all outstanding and/or delinquent reports including, but not limited to Defendant's March 2022, and August 2022 through September 2023 reports currently outstanding, and payments in accordance with the *Agreement*;

---

[1] The total attorneys' fees and costs, inclusive of GET, recommended to be awarded in this case is $25,855.84, which is $0.01 less than requested by Plaintiffs in their *Motion for Default Judgment*.  *See* ECF No. 23-1 at PageID.117.  This negligible difference in amount is likely due to differences in rounding numbers when the calculations were made.

b. permit Plaintiffs to audit Defendant's payroll books and records in accordance with the *Agreement*; and

c. furnish to the trustees of each of Plaintiffs' seven (7) individual trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions or $5,000.00, whichever is greater, in accordance with the *Agreement*.

The Court directs Plaintiff to (1) serve a copy of this *Findings and Recommendations* on the Defendants and (2) file a certificate of service indicating the date of service by no later than May 8, 2024.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 1, 2024.

Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00098 LEK-RT; *Trustees of the Operating Engineers' Trust Funds vs. Pacific Crane Service Hawaii LLC, a Hawaii Limited Liability Company*; Findings and Recommendation to Grant Plaintiffs' Motion for Default Judgment Against Defendant Pacific Crane Service Hawaii LLC